## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LISA EDISON | : |
|     Plaintiff | : |
| | : |
| v. | :   Civil Action No. |
| | : |
| BARNETT OUTDOORS LLC d/b/a | : |
| BARNETT CROSSBOWS, and | : |
| SURGE OUTDOORS LLC d/b/a | : |
| BARNETT CROSSBOWS | :   JURY TRIAL DEMANDED |
|     Defendants | : |

## COMPLAINT

1. This action seeks damages for negligence resulting from an incident of November 23, 2022 in which Plaintiff Lisa Edison was injured.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is a diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. At all times material to this Complaint and the causes of action stated herein, Defendants Barnett Outdoors LLC d/b/a Barnett Crossbows and Surge Outdoors LLC d/b/a Barnett Crossbows were located in and have conducted business in the State of Florida and have had contacts with the state sufficient to establish personal jurisdiction over it pursuant to 42 Pa. C.S.A. § 5322.

4. Venue is proper in this district pursuant to 28 U.S.C, § 1391(a) & (c) because Defendants Barnett Outdoors LLC d/b/a Barnett Crossbows and Surge Outdoors LLC d/b/a Barnett Crossbows are corporations that are subject to personal jurisdiction in this district.

5. A trial by jury is demanded.

1

## PARTIES

6. The Plaintiff, Lida Edison, is an adult individual who at all times material hereto has resided at 846 Big Brush Creek Road, Green Mountain, North Carolina 28740.

7. Defendant Barnett Outdoors LLC d/b/a Barnett Crossbows is a Florida corporation with a principal place of business located at 955 Live Oak Street, Tarpon Springs, Florida 34689.

8. Defendant Surge Outdoors LLC d/b/a Barnett Crossbows is a Delaware corporation with a principal place of business located at 955 Live Oak Street, Taron Springs, Florida 34689.

## FACTS

9. At all times material hereto Defendants acted and/or failed to act individually, jointly and/or severally by and through their duly authorized agents, workers, servants and/or employees.

10. Prior to the date of the herein described incident, Defendants placed into the stream of commerce a Barnett Recruit Crossbow.

11. On or about November 23, 2022, at approximately 8:00 am, at Plaintiff's place of residence, Plaintiff was using the subject crossbow when after pulling the trigger and as the crossbow was discharging, her left thumb was severed by the bowstring.

12. At the time of said incident, the subject crossbow failed to have an underside guard to prevent users' fingers from entering the path of the bowstring.

13. The subject crossbow was designed, manufactured, assembled, distributed and/or sold by Defendants.

14. By reason of the aforesaid and as a direct result thereof, the Plaintiff has incurred medical expenses for the treatment of said injuries, and may incur additional medical expenses into the future.

15. By reason of the aforesaid and as a direct result thereof, the Plaintiff has been unable and/or limited in performing customary, daily physical activities, all of which may be of great financial damage and loss.

16. By reason of the aforesaid and as a direct result thereof, Plaintiff has suffered physical pain, mental anguish, loss of life's pleasures and humiliation, and may continue to suffer same for an indefinite period of time into the future.

17. By reason of the aforesaid and as a direct result thereof, Plaintiff has suffered permanent disfigurement, limitations, pain and numbness of her left thumb.

**COUNT I- STRICT LIABILITY**
**PLAINTIFF V. DEFENDANTS**

18. Plaintiff incorporates by reference all of the preceding paragraphs as though set forth at length.

19. Defendants are outdoorsman companies that are in the business of regularly designing, manufacturing, assembling, distributing and/or selling crossbows.

20. The subject crossbow reached the end user without substantial change in its condition.

21. When the subject crossbow was placed into the stream of commerce, it was in a defective condition because of its unsafe and improper design and/or assembly.

22. The defective condition resulted in the product injuring Plaintiff's left thumb.

23. At the time of the incident, the product had not been substantially changed from its condition when manufactured and/or distributed by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II - NEGLIGENCE
## PLAINTIFF V. DEFENDANTS

24. Plaintiff incorporates by reference all of the preceding paragraphs as though set forth at length.

25. Defendants are outdoorsmen companies who designed, manufactured, marketed, distributed, assembled and/or sold the product during the course of their regular business.

26. The injuries to Plaintiff were caused by Defendants' negligence in the following respects:

    (a) designing, assembling, manufacturing, selling, supplying and/or distributing a product which was not safe for foreseeable uses;

    (b) failing to have adequate warnings on the dangers posed by said product;

    (c) designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all necessary safety features to make it safe for its intended uses;

    (d) designing, assembling, manufacturing, selling, supplying and distributing a product without simple and cost-effective safety devices;

    (e) designing, assembling, manufacturing, selling, supplying and distributing a product where it was foreseeable that someone could injure himself while attempting to discharge the crossbow;

    (f) failing to adequately and properly test the product after its design and/or assembly;

    (g) failing to investigate, retain and analyze prior accident information;

    (h) failing to take all necessary steps to make certain that the product was safe for its intended uses; and

    (i) designing, assembling, manufacturing, selling, supplying and/or distributing a product which would discharge without an underside guard.

27. Defendants' actions and/or inactions were substantial factors and/or factual causes and/or increased the risk of harm to Plaintiff.

28. By reason of Defendants' conduct, Plaintiff sustained injuries as described herein.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

### COUNT III – BRACH OF WARRANTY
### PLAINTIFF V. DEFENDANTS

29. Plaintiff incorporates by reference all of the preceding paragraphs as though set forth at length.

30. Defendants' breach of their contract consisted of selling and supplying a defective and dangerous product.

31. Plaintiff's injuries were caused by the Defendants' breach and their expressed and implied warranties.

32. Defendants' breach of their warranties consisted of selling a defective and dangerous product that was unmerchantable and unfit for the ordinary purpose for which it was intended.

33. By reason of Defendants' conduct, Plaintiff sustained injuries as described herein.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

### COUNT IV – PUNITIVE DAMAGES
### PLAINTIFF V. DEFENDANTS

34. Plaintiff incorporates by reference all of the preceding paragraphs as though set forth at length.

35. Defendants knew years prior to the incident in question that the subject crossbow lacked an underside guard to make it safe.

36. Defendants knew years prior to the incident in question that the design of the subject crossbow resulted in users' sustaining injuries to their fingers.

37. Despite said knowledge, Defendants continued to place crossbows identical to the subject crossbow into the stream of commerce.

38. As a result of Defendants' actions, the defective crossbows remained in commerce resulting in additional user injuries including Plaintiff's.

39. Defendants knew that a redesigned crossbow with an underside guard would stop the finger injuries; however, they chose to make an underside guard an optional accessory to save money.

40. The actions of Defendants described herein were deliberate acts and/or omissions which were performed with the knowledge that there was a high degree of probability of harm and/or with reckless indifference to the consequences to others including Plaintiff.

41. As a result, Plaintiff is entitled to an award of punitive damages.

42. All of the harm and damages suffered by Plaintiff were reasonably foreseeable and proximately caused by the deliberate, reckless, negligent and/or careless conduct of Defendants, which led to the injuries described herein.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

MONACO LAW PC

Date: 11/12/2025

By: _____
Joseph Monaco, Esq.
Counsel for Plaintiff
*Pro Hac Vice Forthcoming*
NJ Attorney I.D. No. 045251989
1 Eves Drive, Suite 111
Marlton, NJ 08053
888-992-3166
jmonaco@monacolawpc.com

**<u>VERIFICATION</u>**

I hereby state that I am the Plaintiff(s) in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties relating to unsworn falsification to authorities.

Date: 11/12/2025

*Lisa R Edison*
Lisa Edison