UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA EDISON,

        Plaintiff,

v.                                   Case No:  8:25-cv-03110-JLB-TGW

BARNETT OUTDOORS, LLC d/b/a
BARNETT CROSSBOWS,

        Defendant.

                                     /

## **ORDER**

Invoking this Court's diversity jurisdiction, Plaintiff Lisa Edison brings

claims against Defendant Barnett Outdoors, LLC d/b/a Barnett Crossbows

("Barnett") for strict products liability (Count I), negligence (Count II), breach of

warranty (Count III), and punitive damages (Count IV) after one of Barnett's

crossbows injured her thumb.  (Doc. 1).  Barnett moves to dismiss Plaintiff's

Complaint (Doc. 1) as a shotgun pleading.  (Doc. 17).  And it moves to dismiss

Counts I, III, and IV, in particular, for failure to state a claim under North Carolina

law.  (*Id.*).  Plaintiff filed a response (Doc. 22), and Barnett replied (Doc. 25).  After

review, the Court **GRANTS** Barnett's motion to dismiss (Doc. 17).  Plaintiff's claims

for strict products liability and punitive damages (Counts I and IV, respectively) are

**DISMISSED** with prejudice for failure to state a claim because North Carolina law

neither recognizes strict products liability nor standalone claims for punitive

damages.  Counts II and III are **DISMISSED** without prejudice with leave to amend.

## BACKGROUND[1]

Plaintiff is a North Carolina resident.  (Doc. 1 at ¶ 6).  Barnett is a Florida LLC with its principal place of business in Tarpon Springs, Florida.  (*Id.* at ¶ 7).  On November 23, 2022, Plaintiff was using a Barnett Recruit Crossbow at her home in North Carolina.  (*Id.* at ¶ 11).  Upon pulling the crossbow's trigger, the bowstring came forward and severed her left thumb.  (*Id.*).  At the time, the crossbow did not have an underside guard to prevent Plaintiff's fingers from entering the path of the bowstring.  (*Id.* at ¶ 12).  Plaintiff alleges that, because of the injury, she has incurred substantial medical expenses, physical limitations, and mental anguish. (*Id.* at ¶¶ 14–17).

On November 12, 2025, Plaintiff filed her Complaint.  (*Id.*).  She pleads strict products liability, negligence, breach of warranty, and punitive damages claims against Barnett.  (*Id.*).  Barnett moves to dismiss (Doc. 17), Plaintiff responded (Doc. 22), and Barnett replied (Doc. 25).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted).  Accordingly, this background section relies on the facts recited in the Complaint. (*See* Doc. 1).  Furthermore, the Complaint names two defendants. But the parties stipulated that Barnett Outdoors, LLC, d/b/a Barnett Crossbows, is the only remaining defendant in this action. (Doc. 15).

for failure to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint also must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (cleaned up)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

3

## DISCUSSION

**I.    Plaintiff's Complaint Is a Shotgun Pleading Because It Incorporates All Preceding Paragraphs into Each Claim.**

Barnett is correct that Plaintiff's Complaint (Doc. 1) is a shotgun pleading.  A complaint is a shotgun pleading if it "contain[s] multiple counts where each count adopts the allegations of the preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).  Plaintiff's Complaint (Doc. 1) does that.  Each count "incorporates by reference all of the preceding paragraphs" with no explanation to clarify that Plaintiff meant to incorporate only certain paragraphs.  (*Id.* at ¶¶ 18, 24, 29, 34).  Therefore, Plaintiff's Complaint does not "give [Barnett] adequate notice of the claims against [it] and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1323.  Dismissal of the entire complaint is proper on that basis alone.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

**II.   Plaintiff Fails to State a Claim for Strict Products Liability or Punitive Damages under North Carolina Law.**

Barnett also asks the Court to dismiss several of Plaintiff's claims for failure to state a claim under North Carolina law.  (Doc. 17 at 2–9).  Plaintiff objects, arguing that the Court should refrain from making choice-of-law determinations at the motion to dismiss stage.  (Doc. 22 at 2–5).  The Court concludes that it may make a choice-of-law determination regarding the strict products liability (Count I)

and punitive damages (Count IV) claims at this juncture, and that dismissal of those counts with prejudice is warranted under North Carolina law.

### A. Plaintiff's Complaint Alleges All Facts Necessary for the Court to Make a Choice-of-Law Determination.

Plaintiff is correct that district courts often wait until the summary judgment stage to make choice-of-law determinations because of the fact-intensive inquiry that such determinations normally require. *See Project Travel, LLC v. Terra Dotta, LLC*, No. 8:24-cv-02817-WFJ-LSG, 2026 WL 890422, at *3 (M.D. Fla. Apr. 1, 2026). However, district courts may resolve choice-of-law issues at the motion-to-dismiss stage when the facts necessary to resolve the issues are apparent on the face of the complaint, and no further factual development is necessary. *See In re: Takata Airbag Prods. Liab. Litig.*, No. 15-2599-MD-MORENO, 2016 WL 6072406, at *3 (S.D. Fla. Oct. 14, 2016); *Tufts v. Hay*, No. 6:18-cv-572-Orl-37DCI, 2018 WL 11249187, at *2 (M.D. Fla. Aug. 10, 2018); *see also Middleton v. The Hollywood Reporter LLC*, 137 F.4th 1287, 1295 (11th Cir. 2025) (affirming a dismissal on choice-of-law grounds); *Nix v. ESPN, Inc.*, 772 F. App'x 807, 809–13 (11th Cir. 2019) (same).

Here, Plaintiff's Complaint alleges all facts necessary for the Court to resolve the choice-of-law issue. Plaintiff's Complaint alleges that Plaintiff is a North Carolina resident who was injured at her place of residence in North Carolina and that Barnett's principal place of business is in Florida, where it manufactures its

crossbows.[2]  (Doc. 1 at ¶¶ 6–7, 11).  Accordingly, the Court will proceed with its choice-of-law analysis.

### B. North Carolina Law Applies.

A federal court is *Erie*-bound to apply the choice-of-law rules of the state in which it sits.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  For claims sounding in tort, Florida courts apply the "most significant relationship" test from the Restatement (Second) of Conflict of Laws.  *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) (citation omitted).

To apply this test, courts first consider which states are connected with the lawsuit based on the list of contacts enumerated in section 145(2) of the Restatement.  *Id.*  The relevant contacts are: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered.  *Id.* (citing Restatement (Second) of Conflict of L. § 145(2)).  In most cases, the state where the injury occurred is "the decisive consideration" under Florida law.  *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980); *see also* Restatement (Second) of Conflict of L. § 146 (presumptively adopting the law of the state where the injury occurred).

---

[2] Plaintiff's Complaint does not specifically allege that the Barnett designs and manufactures its crossbows in Florida, but the Court draws that reasonable inference in Plaintiff's favor.  *See Pielage*, 516 F.3d at 1284.

Here, North Carolina and Florida are the states most closely connected to this lawsuit.[3]  North Carolina was the place of the injury, and it is Plaintiff's domicile.  (Doc. 1 at ¶¶ 6, 11).  Florida is the alleged place where the conduct causing the injury – the crossbow's design defect – occurred, and it is Barnett's principal place of business. (*Id.* at ¶¶ 7, 13).

Next, the Court must discern which state's law applies to this case using the factors listed in section 6 of the Second Restatement.  *Grupo Televisa, S.A.*, 485 F.3d at 1242 (citing Restatement (Second) of Conflict of L. § 6).  These factors include: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability and uniformity of result; and (7) ease in the determination and application of the law to be applied.  Restatement (Second) of Conflict of L. § 6.

Based on these factors, North Carolina has the most significant relationship to this lawsuit.  Most obviously, North Carolina law presumptively applies to this case because it is the state where Plaintiff was injured.  (Doc. 1 at ¶ 11); s*ee Bishop*, 389 So. 2d at 1001; Restatement (Second) of Conflict of L. § 146.  Additionally, this case involves an injury to a North Carolinian that occurred in North Carolina.  (Doc. 1 at ¶¶ 6, 11).  Thus, applying North Carolina law advances North Carolina's

---

[3] Barnett notes that, as an LLC, it is also a resident of Delaware and Louisiana, where its other members reside (Doc. 25 at 3), but no party argues that those states' laws should apply. Therefore, the Court discusses only North Carolina and Florida.

interest in regulating the standard of care owed to its residents and to consumers of products within its borders.  While Florida has an interest in ensuring that its manufacturers do not engage in tortious conduct, Florida's interest in this case is minimal because Plaintiff is not a Florida resident and there is no reason to suspect that the State of Florida will bear any costs of Plaintiff's medical care.  (*Id.* at ¶ 6). Finally, applying North Carolina law upholds uniformity of results in this case because North Carolina would have applied its own law had Plaintiff sued there, as it follows the traditional place-of-injury conflict rule.  *See Mosqueda v. Mosqueda*, 721 S.E.2d 755, 759 (N.C. Ct. App. 2012).  Thus, the Court concludes that North Carolina has the most significant relationship to this case, and its law governs Plaintiff's tort claims.[4]

### C. Plaintiff Fails to State a Claim for Strict Products Liability or Punitive Damages under North Carolina Law Because North Carolina Does Not Recognize Such Claims.

Having concluded that North Carolina law governs Plaintiff's tort claims, the Court also concludes that it is proper to dismiss Plaintiff's strict products liability and punitive damages claims (Counts I and IV) with prejudice for failure to state a claim.

---

[4] As discussed in Section III of this Order, the Court does not address choice-of-law regarding Plaintiff's breach of warranty claim.  This is because that claim sounds in contract, *see generally* Fla. Stat. § 672.316, and Florida follows the traditional doctrine of *lex loci contractus* regarding contract claims, "which selects the law of the state where the contract was made or to have been performed."  *Declan Flight, Inc. v. Textron Eaviation, Inc.*, — F.4th —, 2026 WL 1466405, at *11 (11th Cir. 2026) (cleaned up).  Here, Plaintiff's Complaint does not contain sufficient allegations for the Court to make that determination.  (*See* Doc. 1).

First, North Carolina does not recognize the tort of strict products liability. N.C. Gen. Stat. Ann. § 99B-1.1 ("There shall be no strict liability in tort in product liability actions."); *see also Stoddard v. Wyeth, Inc.*, 630 F. Supp. 2d 631, 632 (E.D.N.C. 2009) (granting summary judgment because North Carolina does not recognize strict products liability).

Second, "North Carolina follows the general rule that 'punitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action.'" *Bryant v. Wake Forest Univ. Baptist Med. Ctr.*, 870 S.E.2d 269, 279 (N.C. Ct. App. 2022) (quotation omitted).  Accordingly, courts applying North Carolina law have dismissed punitive damages claims, even where other claims within the complaint survived a motion to dismiss.  *See, e.g., Thomas v. McFadden*, 810 F. Supp. 3d 732, 751 (W.D.N.C. 2025) (citation omitted) ("[U]nder North Carolina law, an independent claim for punitive damages does not exist. Punitive damages may only be awarded as a remedy where permitted under a substantive cause of action."); *McMahon v. Synthron, Inc.*, No. 1:05CV324, 2006 WL 149054, at *5 (W.D.N.C. Jan. 18, 2006) ("As a matter of state law, punitive damages is not a cause of action, but is instead a remedy available in very limited circumstances."); *Jones v. City of Greenboro*, No.  1:24CV450, 2025 WL 969360, at *10 (M.D.N.C. Mar. 31, 2025).

Plaintiff argues that the Court should not dismiss her punitive damages claim because her negligence claim (Count II) provides a basis for her to assert a derivative claim for punitive damages.  (Doc. 22 at 8–11).  However, the Court is not

convinced that this case is distinguishable from the cases cited above, which barred punitive damages claims on the ground that punitive damages are remedial in nature. *See, e.g.*, *Thomas*, 810 F. Supp. 3d at 751. While Plaintiff may seek punitive damages at a later time in this lawsuit, punitive damages do not represent a separate, standalone cause of action. *See BluSky Restoration Contractors, LLC v. Brown*, No. 21 CVS 10032, 2022 WL 12083359, at *15 (N.C. Super. Ct. Oct. 20, 2022). Consequently, because Counts I and IV of Plaintiff's Complaint are not valid causes of action under North Carolina law, the Court dismisses those claims with prejudice.

### III.    Plaintiff Fails to State a Claim for Breach of Warranty under Both Florida and North Carolina Law Because She Did Not Allege Privity.

Plaintiff's breach of warranty claim should also be dismissed under both Florida and North Carolina law because she did not allege that she was in privity with Barnett. Courts need not resolve choice-of-law issues when the laws of different states would produce the same result. *In re Jan. 2021 Short Squeeze Trading Litigation*, 76 F.4th 1335, 1346 (11th Cir. 2023) (citing *Tune v. Philip Morris Inc.*, 766 So. 2d 350, 352–53 (Fla. 2d DCA 2000)).

Both Florida and North Carolina law require breach-of-warranty plaintiffs to allege that they were in privity with the defendant. *See Tindle Enters., Inc. v. Plastic Trends, Inc.*, No. 3:09cv86/RV/EMT, 2009 WL 1011884, at *2 (N.D. Fla. Apr. 15, 2009) (dismissing under Florida law for failure to allege privity); *McCoy v. Nestlé USA, Inc.*, 716 F. Supp. 3d 1228, 1235 (N.D. Fla. 2024) (same); *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 525 S.E.2d 441, 446 (N.C. 2000)

10

(citation omitted) ("As for [plaintiff's] claim for breach of warranty, it too must fail in that the complaint has not alleged contractual privity between [plaintiff] and defendants, nor does it allege that any warranty was addressed to it as an 'ultimate consumer or user.'").

Here, Plaintiff did not allege that she was in privity with Barnett or even that she was the purchaser of the crossbow that injured her. (*See* Doc. 1). Instead, she attempts to remedy the pleading defect by admitting in her response that she purchased the crossbow and arguing that her Complaint is sufficient to state a claim even without specific allegations regarding privity. (Doc. 22 at 7). This does not solve the problem. The law is clear that a plaintiff's failure to allege facts that plausibly entitle her to relief without the aid of any "further factual enhancement" is fatal to her claim. *See Twombly*, 550 U.S. at 557. As the Court explained in *Twombly*, "[t]he need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [an essential element of plaintiff's claim] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8). A complaint that merely comes "close to stating a claim," without being able to stand on its own, must fail. *See id.* Thus, because Plaintiff did not allege any facts to suggest that she was in privity with Barnett, dismissal of her breach of warranty claim set forth in Count III is proper under both Florida and North Carolina law.

Accordingly, it is **ORDERED** that:

1.    Defendant Barnett Outdoors, LLC's Motion to Dismiss (Doc. 17) is

**GRANTED**.

2.    Plaintiff Lisa Edison's Complaint (Doc. 1) is **DISMISSED without**

**prejudice**.

3.    Counts I and IV of Plaintiff's Complaint (Doc. 1) are **DISMISSED**

**with prejudice** for failure to state a claim.

4.    Plaintiff Lisa Edison shall have twenty-one days from the date of this

Order to file an amended complaint.  No new claims may be raised.

**ORDERED** in Tampa, Florida, on June 25, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE