UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA EDISON,

Plaintiff,

v. Case No: 8:25-cv-03110-JLB-GDP

BARNETT OUTDOORS LLC d/b/a
BARNETT CROSSBOWS,

Defendant.
_________________________________/

**ORDER**

Plaintiff Lisa Edison sues Defendant Barnett Outdoors LLC d/b/a Barnett Crossbows ("Barnett") for breach of warranty and products liability arising from an injury she suffered while using Barnett's crossbow. (Doc. 29). The Court previously dismissed Plaintiff's Complaint (Doc. 1) for failure to state a claim (Doc. 28), and Plaintiff filed an amended complaint (Doc. 29). Barnett moves to dismiss Plaintiff's Amended Complaint (Doc. 29) for failure to state a claim (Doc. 30). Plaintiff filed a response (Doc. 31). For the reasons discussed here, Barnett's motion to dismiss (Doc. 30) is due to be **GRANTED**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint also must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (cleaned up)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be

proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

**DISCUSSION**

The Court recognizes the parties' familiarity with the underlying facts and procedural history. As such, it finds no need to restate them here. After careful review, the Court concludes that Barnett's motion to dismiss (Doc. 30) is due to be granted because Plaintiff's Amended Complaint (Doc. 29) fails to allege facts sufficient for the Court to determine whether Plaintiff states a breach-of-warranty claim, and Plaintiff fails to state a products liability claim based in negligence under North Carolina law. The Court will discuss each issue in turn.

**I. Plaintiff's Breach of Warranty Claim (Count I) Fails to State a Claim.**

Plaintiff's breach-of-warranty claim is due to be dismissed for failure to state a claim because Plaintiff's allegations are insufficient to determine which state's law governs her claim, and a true conflict exists between the laws of Florida and North Carolina regarding whether a breach-of-warranty plaintiff must allege privity with the defendant.

A federal court is *Erie*-bound to apply the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Florida follows the traditional doctrine of *lex loci contractus* regarding contract claims, "which selects the law of the state where the contract was made or to have been performed." *Declan Flight, Inc. v. Textron Eaviation, Inc.*, 177 F.4th 1110, 1127 (11th Cir. 2026) (cleaned up). "The determination of where a contract was executed

is fact-intensive and requires a determination of 'where the last act necessary to complete the contract [wa]s done.'" *Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1092–93 (11th Cir. 2004) (quotation omitted). Under Florida law, "[t]he last act necessary to complete a contract is the offeree's communication of acceptance to the offeror." *Id.* at 1093 (citation omitted).

Here, Plaintiff's Amended Complaint (Doc. 29) fails to provide the allegations necessary for the Court to determine where that occurred. Despite alleging that "the sale of the subject crossbow originated in the State of Florida" (Doc. 29 at ¶ 23), Plaintiff's Amended Complaint does not allege whether she purchased the crossbow in person within the State of Florida or online from the State of North Carolina.

It would not be necessary for the Court to resolve the conflicts-of-law issue at this time if a false conflict existed between the laws of Florida and North Carolina, *Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1234 (11th Cir. 1995),[1] but that is not the case here. A false conflict exists "when the laws of the competing states are substantially similar." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1171 (11th Cir. 2009). That is the case where "the laws of different states are (1) the same, (2) different but would produce the same outcome under the facts of the case, or (3) when the policies of one state would be furthered by the application of its laws while

[1] As an aside, the *Fioretti* court expressed hesitancy over whether the district courts' use of this sort of comparative analysis complies with *Klaxon*. *Fioretti*, 53 F.3d at 1234 n.21. Instead, the *Fioretti* court recommended that district courts simply apply the substantive law of the forum in cases of uncertainty, which would be Florida law here. *Id.* This lends additional support to the Court's ultimate conclusion because Plaintiff's Amended Complaint (Doc. 29) fails to state a breach-of-warranty claim under Florida law, as discussed in this Order.

the policy of the other state would not be advanced by the application of its laws." *Tune v. Philip Morris Inc.*, 766 So. 2d 350, 352 (Fla. 2d DCA 2000).

The laws of Florida and North Carolina differ concerning whether a breach-of-warranty plaintiff must allege privity with the defendant. Florida law requires breach-of-warranty plaintiffs to allege privity. *See Tindle Enters., Inc. v. Plastic Trends, Inc.*, No. 3:09cv86/RV/EMT, 2009 WL 1011884, at *2 (N.D. Fla. Apr. 15, 2009) (dismissing under Florida law for failure to allege privity); *McCoy v. Nestlé USA, Inc.*, 716 F. Supp. 3d 1228, 1235 (N.D. Fla. 2024) (same). However, North Carolina law does not require breach-of-warranty plaintiffs to allege privity in cases involving express or implied warranties in which the purchaser of the product suffered a personal injury.[2] *Kinlaw v. Long Mfg. N.C., Inc.*, 259 S.E.2d 552, 553 (N.C. 1979) (express warranties); N.C. Gen. Stat. § 99B-2 (implied warranties); *Page v. Elekta, Inc.*, No. 4:25-CV-00204-M-RJ, --- F. Supp. 3d ---, 2026 WL 2217010, at *3–4 (E.D.N.C. July 31, 2026) (same). Accordingly, the Court must consider whether the outcome of Barnett's motion to dismiss would differ depending on which state's law applies. *See Fioretti*, 53 F.3d at 1234. Here, the Court concludes that the outcome would be different depending on which state's law governs because Plaintiff fails to state a claim under Florida law by not plausibly alleging that she was in privity with Barnett.

---

[2] The Court's previous Order (Doc. 28) dismissed Plaintiff's Complaint (Doc. 1) because it failed to allege whether Plaintiff was the purchaser of the crossbow, thus making it unclear whether N.C. Gen. Stat. § 99B-2(b) absolved Plaintiff of the requirement that she allege privity. *See Page*, 2026 WL 2217010, at *3.

As previously noted, to survive a Rule 12(b)(6) motion, a complaint must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. While the complaint "does not need [to include] detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the Eleventh Circuit has explained that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (cleaned up) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)).

Here, Plaintiff's Amended Complaint (Doc. 29) fails to meet that standard because she does not allege that she was in privity with Barnett. Plaintiff merely alleges that Barnett is a crossbow manufacturer that offers its crossbows to the general public, including Plaintiff, and that "[t]he subject crossbow was purchased by Plaintiff." (*Id.* at ¶¶ 19, 21, 24). But the Amended Complaint stops short of alleging any facts from which the Court could plausibly conclude that Plaintiff either purchased the crossbow directly from Barnett or from a business owned by Barnett. (*See id.*).

Plaintiff argues that the Court can reasonably infer privity from her Amended Complaint (Doc. 29) because Florida law has statutorily expanded the

scope of implied warranties very slightly to protect the family and social guests of product purchasers. (Doc. 31 at 3 (citing Fla. Stat. § 672.318). However, Plaintiff fails to explain how this statute relates to her. Even if Florida law has adopted broader implied warranty rules by statute than traditionally exist under common law to protect the family and guests of product purchasers, Plaintiff pleads that *she herself* was the purchaser. (Doc. 29 at ¶ 10). And even if Plaintiff were not the purchaser of the crossbow, privity would still need to be pleaded at some level under Florida law. *See McCoy*, 716 F. Supp. 3d at 1235. Thus, because Plaintiff's Amended Complaint (Doc. 29) fails to allege any facts from which the Court could plausibly conclude that she was in privity with Barnett, her breach-of-warranty claim does not rise above the "speculative level." *Twombly*, 550 U.S. at 555.[3] The outcome of Barnett's motion to dismiss (Doc. 30) would likely differ depending on whether Florida or North Carolina law governs Plaintiff's claim.

The only remaining means by which the Court could avoid resolving the conflicts-of-law issue presented at this time would be if "the policies of one state would be furthered by the application of its laws while the policy of the other state

[3] Plaintiff's Response emphasizes the rule that dismissal is not proper unless "it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." (Doc. 31 at 4 (citation omitted). However, as the *Twombly* Court discussed, that phrase in isolation is an incomplete description of the federal pleading standard. *Twombly*, 550 U.S. at 563. Taking those words out of isolation, the rule states that "once a claim has been *stated adequately*, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* (citations omitted) (emphasis added). The phrase simply "describe[s] the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.*

would not be advanced by the application of its laws." *Tune*, 766 So. 2d at 352. However, as the Court recognized in its previous Order (Doc. 28 at 7–8), both Florida and North Carolina have an interest in applying their laws to Plaintiff's breach-of-warranty claim. Florida has an interest in applying its law to Plaintiff's breach-of-warranty claim because Barnett operates a business within the State of Florida, and North Carolina has an interest in applying its law because Plaintiff is a North Carolina domiciliary who was injured by a product within North Carolina. (*See* Doc. 29).

Accordingly, to determine whether Plaintiff states a claim, the Court would need to confront the conflicts-of-law issue at this time, but it is unable to do that because Plaintiff has not pleaded facts sufficient to allow the Court to resolve the conflicts issue. As a result, Plaintiff's Amended Complaint fails to state a claim because it does not plead facts that render it "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Therefore, dismissal is proper.

\- *Rest of Page Intentionally Left Blank* -

## II. Plaintiff's Products Liability Claim (Count II) Fails to State a Claim under North Carolina Law Because Plaintiff Does Not Allege Duty.

Plaintiff's Amended Complaint (Doc. 29) also fails to state a claim for products liability grounded in negligence under North Carolina law.[4] Under North Carolina law, "[a] products liability claim grounded in *negligence* requires the plaintiff to prove (1) the product was defective at the time it left the control of the defendant, (2) the defect was the result of defendant's negligence, and (3) the defect proximately caused plaintiff damage." *Red Hill Hosiery Mill, Inc. v. MagneTek, Inc.*, 530 S.E.2d 321, 326 (N.C. Ct. App. 2000) (emphasis in original). North Carolina courts have further explained that "the essential elements of a products liability action based upon negligence are (1) duty, (2) breach, (3) causation, and (4) damages." *Crews v. W.A. Brown & Son, Inc.*, 416 S.E.2d 924, 928 (N.C. Ct. App. 1992).

Barnett moves to dismiss, arguing that Plaintiff fails to allege that Barnett owed her a duty of care. (Doc. 30 at 4). Plaintiff's Response (Doc. 31) to Barnett's motion echoes the same argument she presented regarding Count I. She claims that the Amended Complaint comes close enough to alleging that Barnett owed her a duty that she need not do so clearly. (*Id.* at 7–8). Specifically, Plaintiff cites *Red Hill*'s statement that "a manufacturer has the duty to use reasonable care throughout the manufacturing process, including making sure the product is free of any potentially dangerous defect in manufacturing or design" to argue that the duty

---

[4] Under Florida choice-of-law rules, North Carolina law governs Plaintiff's products liability claim because it is a tort claim. (*See* Doc. 28 at 6–8).

that Barnett owed to her is implied. (*Id.* (quoting *Red Hill*, 530 S.E.2d at 326)). However, as the Court discussed with respect to Count I, Plaintiff must allege facts sufficient for the Court to conclude that her products liability claim is plausible. *See Iqbal*, 556 U.S. at 678. And Plaintiff does not plead that Barnett owed her a duty of care in the first instance. (*See* Doc. 29). Even reading Plaintiff's claim as generously as possible, her Amended Complaint (Doc. 29) never references the concept of duty and her only reference to negligence is not incorporated into her products liability claim. (*See id.*). Consequently, Plaintiff fails to state a claim.

Accordingly, it is **ORDERED** that:

1. Defendant Barnett Outdoors LLC d/b/a Barnett Crossbows's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 30) is **GRANTED**.
2. Plaintiff's Amended Complaint (Doc. 29) is **DISMISSED without prejudice**.
3. Plaintiff shall have fourteen days from the date of this Order to file a second amended complaint. No new claims may be added. Failure to file a second amended complaint within the time allotted may result in dismissal without further notice. No further opportunities to amend should be expected.

**ORDERED** in Tampa, Florida, on November 16, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE